Marion BARRY et al.

v.

DISTRICT OF COLUMBIA BOARD OF ELECTIONS AND ETHICS et al.

Appeal of JePhunneh LAWRENCE.

No. 78–1482.

United States Court of Appeals, District of Columbia Circuit.

Argued June 16, 1978.

Decided June 19, 1978.

JePhunneh Lawrence, *pro se.*

James C. McKay, Jr., Asst. Corp. Counsel, District of Columbia, Washington, D. C., with whom John R. Risher, Jr., Corp. Counsel, and Louis P. Robbins, Principal Deputy Corp. Counsel, Washington, D. C., were on the brief, for *amicus curiae* District of Columbia urging reversal.

Andrew E. Mishkin and Albert J. Beveridge, Washington, D. C., with whom Herbert O. Reid, Sr., Dovey J. Roundtree, and Benny Kass, Washington, D. C., were on the brief, for appellee. Winfred R. Mundle, Washington, D. C., also entered an appearance for appellee.

Before WRIGHT, Chief Judge, and McGOWAN and ROBB, Circuit Judges.

Opinion for the court *Per curiam*.

PER CURIAM:

This case concerns the constitutionality of a provision of the District of Columbia election statutes, but we do not find it necessary to deal with the interesting constitutional questions which it presents. Instead, we dismiss the appeal, since it appears that the appellant lacks a sufficiently concrete interest in the controversy to confer standing to appeal and justify judicial intervention.

The statute in question, 1 D.C. Code § 1115(b) (Supp. IV 1977), requires elected officials of the District of Columbia who wish to run for another office in the middle of their current term to resign their present office before being permitted to file their candidacy.[1]

Marion Barry, an at-large member of the District of Columbia Council whose four-year term expires in January 1981, along with eight of his supporters and constituents, brought this suit seeking declaratory and injunctive relief on the basis that this statute is unconstitutional. Barry has announced his intention to be a candidate for Mayor in the elections in the fall of this year. If the statute is valid, he must resign from the Council on or before July 5, 1978, the deadline for filing nominating petitions for the mayoral election.

Barry named as defendants the District of Columbia Board of Elections and Ethics, which administers the election laws, and the Board's individual members. The District of Columbia intervened as a defendant, as did the only appellant here, JePhunneh Lawrence. In the District Court Lawrence based his interest in the case on a desire to succeed Barry on the Council, should Barry resign to run for Mayor. Lawrence argued that the Board of Elections should declare Barry's seat vacant as of the time last January when Barry announced his candidacy for Mayor and began to form a campaign organization. (App. 284–287.) After his intervention was allowed by the District Court, Lawrence abandoned that argument, accepting the Board of Elections' interpretation that Barry need not resign until he files his formal nominating petitions, which may be as late as July 5.

The District Court heard the case on cross-motions for summary judgment and decided in favor of the plaintiffs, holding that Section 1115(b) violated both the First Amendment and the equal protection principles embodied in the Fifth Amendment's due process clause. Neither the Board of Elections nor the District of Columbia took an appeal; intervenor Lawrence did.[2]

---

1. It reads in full:

    (b) No person who is holding the office of Mayor, Delegate, Chairman or member of the Council, or member of the School Board shall, while holding such office, be eligible as a candidate for any other of such offices in any primary or general election, unless the term of the office which he so holds expires on or prior to the date on which he would be eligible, if elected in such primary or general election, to take the office with respect to which such election is held.

On June 15, 1978 the Mayor signed Council Bill No. 2–218, which would substantially amend this section and eliminate the "resign to run" requirement. Assuming the bill clears the congressional review process, *see* 1 D.C. Code § 147(c) (Supp. IV 1977), it will take effect January 2, 1979.

2. The Corporation Counsel, on behalf of the District of Columbia, responded to our invitation and appeared as *amicus curiae* urging reversal of the judgment.

Barry, as appellee, has moved to dismiss the appeal on the ground, among others, that Lawrence does not have standing to maintain it. We agree and grant the motion.

We were informed in the briefs and at argument that Lawrence, since the time of the District Court's decision, has declared his candidacy for one of the two at-large seats on the Council which will become vacant in January 1979 and will be filled for a full four-year term at this fall's primary and general elections. Assuming Barry resigned, it is unclear exactly when the special election to fill the remaining two years of his present term would be held; however, it is clear that that special election would be either simultaneous with the November general election or nearly so.

Lawrence indicates that he might prefer seeking the remaining two years of Barry's term to seeking a full four-year term because he would be more likely to win since he would not be running against an incumbent Council member. But one or more of the Council members elected from individual wards whose terms expire this year might run for the two-year at-large term rather than seek reelection to his or her present seat. In that event, Lawrence's reason for expressing interest in the two-year term would be gone; and we can only guess whether in those circumstances he would continue to be interested in seeking the two-year term. Such a speculative interest is not a sufficient basis on which to invoke the judicial process.

Lawrence also argues that it is possible that he will not obtain sufficient signatures on his nominating petitions to run for a four-year term, in which case the election schedule is such that he would then have an opportunity to circulate petitions for the remaining two years of Barry's term to be filled in the special election. While this is indeed within the realm of possibility, nothing suggests that it is likely to occur.

Furthermore, even if we reversed the District Court and upheld the validity of the statute, Barry would not be compelled to resign and create a vacancy for which Lawrence could run. Apparently Barry now intends to run for Mayor even if the statute is upheld and he must resign from the Council, but he may change his mind before the filing deadline and choose to abandon his candidacy for Mayor. He is not required to decide irrevocably until the July 5 deadline. If Barry chooses not to resign, even if Lawrence prevailed on the merits of this appeal there would be no two-year term for him to seek.

■■■ All these circumstances lead us to the conclusion that Lawrence does not have a sufficiently substantial and concrete interest in a live controversy to justify his invoking the judicial process. To confer standing, "pleadings [in the appellate as well as the trial court] must be something more than an ingenious academic exercise in the conceivable." *United States v. SCRAP,* 412 U.S. 669, 688, 93 S.Ct. 2405, 2416, 37 L.Ed.2d 254 (1973). A party must at least "allege that he has been or will in fact be perceptibly harmed by the challenged [statute], not that he can imagine circumstances in which he could be affected by [it]." *Id.* at 688–689, 93 S.Ct. 2416. The Supreme Court recently characterized the essence of the doctrine of standing as a requirement that the litigant "has shown an injury to himself that is likely to be redressed by a favorable decision. Absent such a showing, exercise of its power by a federal court would be gratuitous and thus inconsistent with the Art. III limitation." *Simon v. Eastern Kentucky Welfare Rights Organization,* 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976).[3]

The combination of the several circumstances we have described in this opinion leads us to the conclusion that Lawrence cannot make such a showing. The likelihood that a decision in his favor on the

---

**3.** We find it unnecessary to consider another element of standing doctrine—whether Lawrence's interests are "arguably within the zone of interests to be protected" by the statute at issue, as to which there appears to be substantial doubt. *Ass'n of Data Processing Service Organizations v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970).

merits of this case would have any meaningful effect is simply too speculative and depends on too many contingencies. *Warth v. Seldin,* 422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Therefore the motion of the appellees to dismiss this appeal is

Granted.[4]

4. This decision leaves the District Court's final order of April 14, 1978 undisturbed, but it does not indicate our approval or disapproval of that order or the accompanying memorandum opin-

ion. We hold only that, in the circumstances of this case, appellant, who was an intervenor in the District Court, has no standing to prosecute this appeal.